FILED
2/3/2020 11:41 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L001365

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

LARRY SMITH,          )
                      )
    Plaintiff         )
                      )
v.                    )   Case No.:
                      )
VINCENT HUFF and HIRSCHBACH MOTOR )
LINES, INC., a corporation, )
                      )
    Defendants.       )

## COMPLAINT AT LAW

NOW COMES the Plaintiff, LARRY SMITH, by and through his attorneys, TAXMAN, POLLOCK, MURRAY & BEKKERMAN LLC, and for his Complaint at Law against Defendants VINCENT HUFF and HIRSCHBACH MOTOR LINES, INC., a corporation, states as follows:

### Count I

### (Negligence – VINCENT HUFF)

1. On MARCH 26, 2019, Plaintiff LARRY SMITH was operating his motor vehicle in a generally eastbound direction on Jackson Boulevard, at or near its intersection with Aberdeen Street in the City of Chicago, County of Cook, State of Illinois.

2. On MARCH 26, 2019, at the same time, Defendant VINCENT HUFF was operating a tractor-trailer truck, and was operating that truck in a generally eastbound direction on Jackson Boulevard, at or near its intersection with Aberdeen Street in the City of Chicago, County of Cook, State of Illinois.

3. On MARCH 26, 2019, the tractor-trailer truck operated by Defendant VINCENT HUFF was owned, operated, controlled, and/or managed by Defendant HIRSCHBACH MOTOR LINES, INC., a corporation.

1



4. Defendant VINCENT HUFF owed a duty of reasonable care in the operation of the tractor-trailer truck to avoid colliding with, striking, and/or otherwise contacting other vehicles on the roadway, including the vehicle being operated by Plaintiff LARRY SMITH.

5. At that time and place, notwithstanding that duty, Defendant VINCENT HUFF collided with, struck, and/or otherwise contacted the vehicle being operated by Plaintiff LARRY SMITH.

6. At that time and place, Defendant VINCENT HUFF, individually, and as agent, apparent agent, employee, and/or servant of Defendant HIRSCHBACH MOTOR LINES, INC., a corporation, was then and there guilty of one or more of the following acts and/or omissions:

(a) Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer truck Defendant VINCENT HUFF was operating; and/or

(b) Failed to keep an adequate or any lookout for other drivers and traffic on the road, including LARRY SMITH, while operating the tractor-trailer truck; and/or

(c) Failed to reduce speed in order to avoid a collision, in violation of 625 ILCS 5/11-601(a); and/or

(d) Operated the semi-tractor trailer truck at a speed that was greater than was reasonable given the traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601; and/or

(e) Failed to approach and/or make a right-hand turn as close as practical to the curb in violation of 625 ILCS 5/11-801; and/or

(f) Negligently and carelessly operated his vehicle without brakes adequate to control the movement of and to stop and hold such vehicle, in violation of 625 ILCS 5/12-301(a); and/or

(g) Negligently and carelessly operated his vehicle at a speed that was greater than was reasonable and proper with regard to traffic conditions in violation of 625 ILCS 5/11-601; and/or

(h) Negligently and carelessly operated and drove the motor vehicle without having tires adequate to control the movement of, and to stop and hold, the vehicle; and/or

(i) Negligently and carelessly failed to properly stop and/or slow the motor vehicle when danger to the Plaintiff was imminent; and/or

(j) Negligently and carelessly failed to properly maintain his vehicle so that it would not be involved in a collision; and/or

(k) Negligently and carelessly failed to give audible warning of approach when such warning was reasonably necessary to ensure safe operation of the vehicle, contrary and in violation of 625 ILCS 5/112-601; and/or

(l) Negligently and carelessly turned a vehicle when such movement was not able to be made with reasonable safety in violation of 625 ILCS 5/11-804; and/or

(m) Negligently and carelessly failed to signal an intention to turn in violation of 625 ILCS 5/11-804; and/or

(n) Failed to yield to the Plaintiff's right of way; and/or

(o) Was otherwise negligent or careless.

7. One or more of these acts and/or omissions of Defendant VINCENT HUFF was a proximate cause of the contact between the tractor-trailer truck being operated by Defendant VINCENT HUFF and the vehicle being operated by LARRY SMITH.

8. As a direct and proximate result of one or more of these acts and/or omissions by Defendant VINCENT HUFF, Plaintiff LARRY SMITH sustained severe and permanent injury and further has incurred extensive medical costs and procedures in being treated for said injuries, has incurred lost wages, and further has and will in the future be prevented from attending his usual, normal customary occupation and customary affairs of life and also sustained and will continue to sustain significant pain and suffering and disability.

3

WHEREFORE, Plaintiff LARRY SMITH, demands judgment against Defendant VINCENT HUFF, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00), plus costs and for such further relief as this Court deems just and reasonable.

### Count II
### (Negligence- HIRSCHBACH MOTOR LINES, INC., a corporation)

NOW COMES Plaintiff LARRY SMITH, by and through his attorneys, TAXMAN, POLLOCK, MURRAY, & BEKKERMAN LLC, and for Count Two of his Complaint at Law against Defendant HIRSCHBACH MOTOR LINES, INC., a corporation, states as follows:

1-5. Plaintiff adopts and re-alleges Paragraphs One (1) through Five (5) of Count One of this Complaint at Law as Paragraphs One (1) through Five (5) inclusive of this Count Two, as though fully set forth herein.

6. On MARCH 26, 2019, Defendant VINCENT HUFF was driving the tractor-trailer truck as an agent, apparent agent, employee, servant, and/or otherwise in the furtherance of his work on behalf of Defendant HIRSCHBACH MOTOR LINES, INC., a corporation.

7. At that time and place, Defendant HIRSCHBACH MOTOR LINES, INC., a corporation, by and through its agent, apparent agent, employee, and/or servant VINCENT HUFF, was then and there guilty of one or more of the following acts and/or omissions:

   (a) Failed to exercise that degree of care and caution that a reasonable person under similar circumstances would have exercised in the operation of the tractor-trailer truck Defendant VINCENT HUFF was operating; and/or

   (b) Failed to keep an adequate or any lookout for other drivers and traffic on the road, including LARRY SMITH, while operating the tractor-trailer truck; and/or

   (c) Failed to reduce speed in order to avoid a collision, in violation of 625 ILCS 5/11-601(a); and/or

FILED DATE: 2/3/2020 11:41 AM  2020L001365

(d) Operated the semi-tractor trailer truck at a speed that was greater than was reasonable given the traffic conditions and the use of the highway, in violation of 625 ILCS 5/11-601; and/or

(e) Failed to approach and/or make a right-hand turn as close as practical to the curb in violation of 625 ILCS 5/11-801; and/or

(f) Negligently and carelessly operated his vehicle without brakes adequate to control the movement of and to stop and hold such vehicle, in violation of 625 ILCS 5/12-301(a); and/or

(g) Negligently and carelessly operated his vehicle at a speed that was greater than was reasonable and proper with regard to traffic conditions in violation of 625 ILCS 5/11-601; and/or

(h) Negligently and carelessly operated and drove the motor vehicle without having tires adequate to control the movement of, and to stop and hold, the vehicle; and/or

(i) Negligently and carelessly failed to properly stop and/or slow the motor vehicle when danger to the Plaintiff was imminent; and/or

(j) Negligently and carelessly failed to properly maintain his vehicle so that it would not be involved in a collision; and/or

(k) Negligently and carelessly failed to give audible warning of approach when such warning was reasonably necessary to ensure safe operation of the vehicle, contrary and in violation of 625 ILCS 5/112-601; and/or

(l) Negligently and carelessly turned a vehicle when such movement was not able to be made with reasonable safety in violation of 625 ILCS 5/11-804; and/or

(m) Negligently and carelessly failed to signal an intention to turn in violation of 625 ILCS 5/11-804; and/or

(n) Failed to yield to the Plaintiff's right of way; and/or

(o) Was otherwise negligent or careless.

8. One or more of these acts and/or omissions of HIRSCHBACH MOTOR LINES, INC., a corporation, by and through its agent, apparent agent, employee, and/or servant VINCENT HUFF, was a proximate cause of the contact between the tractor-trailer-truck owned, operated,

5

managed and/or otherwise controlled by Defendant HIRSCHBACH MOTOR LINES, INC., a corporation, and the vehicle being operated by LARRY SMITH.

9. As a direct and proximate result of one or more of these acts and/or omissions by Defendant HIRSCHBACH MOTOR LINES, INC., a corporation, by and through its agent, apparent agent, employee, and/or servant, VINCENT HUFF, Plaintiff LARRY SMITH, sustained severe and permanent injury and further has incurred extensive medical costs and procedures in being treated for said injuries, has incurred lost wages, and further has and will in the future be prevented from attending his usual, normal customary occupation and customary affairs of life and also sustained and will continue to sustain significant pain and suffering and disability.

10. At all relevant times, Defendant VINCENT HUFF was acting in his capacity as an agent, apparent agent, employee, servant, and/or otherwise on in furtherance of his work for Defendant HIRSCHBACH MOTOR LINES, INC., a corporation.

WHEREFORE, Plaintiff LARRY SMITH, demands judgment against Defendant HIRSCHBACH MOTOR LINES, INC., a corporation, in a sum in excess of FIFTY THOUSAND AND 00/100 DOLLARS ($50,000.00), plus costs and for such further relief as this Court deems just and reasonable.

Respectfully Submitted,

/Jared M. Duke

TAXMAN, POLLOCK, MURRAY & BEKKERMAN LLC
225 W. Wacker, Suite 1750
Chicago, Illinois 60606
T: 312.586.1700
F: 312.586.1701
Id No.: 61090
jduke@tpmblegal.com

6

FILED
2/3/2020 11:41 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2020L001365

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

LARRY SMITH, )
)
    Plaintiff )
)
v. ) Case No.:
)
VINCENT HUFF and HIRSCHBACH MOTOR )
LINES, INC., a corporation, )
)
    Defendants. )

## AFFIDAVIT PURSUANT TO
## ILLINOIS SUPREME COURT RULE 222

I, JARED M. DUKE, under oath and subject to the penalties of perjury, depose and state that the damages sought in this cause exceed the sum of FIFTY THOUSAND DOLLARS ($50,000.00).

Pursuant to 735 ILCS 5/1-109, the undersigned certifies that the foregoing Affidavit is true and correct based upon the personal knowledge of the undersigned.

_____
Jared M. Duke

TAXMAN, POLLOCK, MURRAY & BEKKERMAN LLC
225 W. Wacker, Suite 1750
Chicago, Illinois 60606
T: 312.586.1700
F: 312.586.1701
Id No.: 61090
jduke@tpmblegal.com

FILED
2/3/2020 11:41 AM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

2020L001365

| 2120 - Served | 2121 - Served |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |

Summons - Alias Summons                                      (08/01/18) CCG 0001 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

LARRY SMITH,

(Name all parties)

v.

VINCENT HUFF, et. al.,

Case No. _____

☑ SUMMON☐ ALIAS SUMMONS

To each Defendant: Hirschbach Motor Lines, Inc., R/A Brian R. Kohlwes, 18355 US Highway 20 W, East Dubuque, IL 61025

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance and pay the required fee **within thirty (30) days after service of this Summons**, not counting the day of service. To file your answer or appearance you need access to the internet. Please visit www.cookcountyclerkofcourt.org to initiate this process. Kiosks with internet access are available at all Clerk's Office locations. Please refer to the last page of this document for location information.

**If you fail to do so, a judgment by default may be entered against you for the relief requested in the complaint.**

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

**Dorothy Brown, Clerk of the Circuit Court of Cook County, Illinois**
cookcountyclerkofcourt.org
Page 1 of 3



Summons - Alias Summons  (08/01/18) CCG 0001 B

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp, or talk with your local circuit clerk's office.

Atty. No.: 61090

Atty Name: TPMB, LLC

Atty. for: Plaintiff

Address: 225 W. Wacker Drive, Suite 1750

City: Chicago

State: IL   Zip: 60661

Telephone: 312-586-1700

Primary Email: jduke@tpmblegal.com

Witness: 2/3/2020 11:41 AM DOROTHY BROWN

DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person):

## CLERK OF THE CIRCUIT COURT OF COOK COUNTY OFFICE LOCATIONS

- ○ Richard J Daley Center
  50 W Washington
  Chicago, IL 60602

- ○ District 2 - Skokie
  5600 Old Orchard Rd
  Skokie, IL 60077

- ○ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008

- ○ District 4 - Maywood
  1500 Maybrook Ave
  Maywood, IL 60153

- ○ District 5 - Bridgeview
  10220 S 76th Ave
  Bridgeview, IL 60455

- ○ District 6 - Markham
  16501 S Kedzie Pkwy
  Markham, IL 60428

- ○ Domestic Violence Court
  555 W Harrison
  Chicago, IL 60607

- ○ Juvenile Center Building
  2245 W Ogden Ave, Rm 13
  Chicago, IL 60602

- ○ Criminal Court Building
  2650 S California Ave, Rm 526
  Chicago, IL 60608

### Daley Center Divisions/Departments

- ○ Civil Division
  Richard J Daley Center
  50 W Washington, Rm 601
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Chancery Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Domestic Relations Division
  Richard J Daley Center
  50 W Washington, Rm 802
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Civil Appeals
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Criminal Department
  Richard J Daley Center
  50 W Washington, Rm 1006
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ County Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Probate Division
  Richard J Daley Center
  50 W Washington, Rm 1202
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ● Law Division
  Richard J Daley Center
  50 W Washington, Rm 801
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

- ○ Traffic Division
  Richard J Daley Center
  50 W Washington, Lower Level
  Chicago, IL 60602
  Hours: 8:30 am - 4:30 pm

FILED DATE: 2/3/2020 11:41 AM 2020L001365

3992.mgp

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| VINCENT HUFF and HIRCHSBACH MOTOR ) | |
| LINES, INC., a corporation. ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF VINCENT HUFF

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

1. I have been named as a defendant in a Complaint at Law filed by plaintiff Larry Smith. Plaintiff Smith alleges that I was involved in a motor vehicle accident which took place on March 26, 2019 in Chicago.

2. As of the alleged accident date, my sole home residence was in Michigan. I have resided continuously in Michigan since then.

3. Sometime after the alleged accident date, I moved my sole home residence to 3136 Maryland Ave., Flint, Michigan 48507, where I reside currently. I intend to reside in Michigan indefinitely. I consider myself to be a resident and citizen of, and domiciled in, the State of Michigan.

4. To the best of my knowledge, I have not been served with a summons or other process papers in this lawsuit. However, I am represented by counsel and hereby consent to the removal of this lawsuit from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois.

Further Affiant Sayeth Not.

_____
Vincent Huff

4 Mar 2020



3992.mgp

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY SMITH,<br><br>      Plaintiff,<br><br>vs.<br><br>VINCENT HUFF and HIRSCHBACH MOTOR LINES, INC., a corporation.<br><br>      Defendants. | )<br>)<br>)<br>)<br>)  Case No.<br>)<br>)<br>)<br>)<br>) |

## AFFIDAVIT OF BRIAN R. KOHLWES

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

1. I am employed by defendant Hirschbach Motor Lines, Inc. ("Hirschbach") as General Counsel and Vice President of Risk Management. Based upon my professional duties, I have personal knowledge regarding Hirschbach's corporate organization and citizenship.

2. I have reviewed the Complaint at Law filed by plaintiff Larry Smith. Mr. Smith alleges he was involved in a motor vehicle accident on March 26, 2019.

3. Since before March 26, 2019 to the present, Hirschbach has been an Iowa corporation and has maintained its headquarters and principal place of business at 2460 Kerper Blvd., Dubuque, Iowa 52001.

4. I am Hirschbach's registered agent. Since before March 26, 2019 to the present, the corporation's formal registered agent address has been 2460 Kerper Blvd., Dubuque, Iowa 52001.

5. Based on this information, I understand Hirschbach to be a citizen of, and domiciled in, the State of Iowa.

Further Affiant Sayeth Not.

                                                                   Brian R. Kohlwes



UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| VINCENT HUFF and HIRSCHBACH MOTOR ) | |
| LINES, INC., a corporation. ) | |
| ) | |
| Defendants. ) | |

## AFFIDAVIT OF COREY FERTEL

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

1. I am a licensed private investigator in the State of Illinois and have been so licensed since 1998. I am over the age of 18 years old and I am not a party to the above-captioned action.

2. As part of my daily job duties, I investigate and determine correct addresses of individuals and corporate entities, serve process in civil lawsuits, and provide related Affidavits for filing in Federal and state courts. Regarding the above-captioned action, I have investigated the residence addresses of plaintiff Larry Smith.

3. Based upon my investigation, I believe Larry Smith's current home address is located within Cook County, Illinois. Further, I believe Larry Smith has resided at the same home address within Cook County, Illinois continuously since before March 26, 2019 to the present. My investigation included searches of public records and utility records.

4. I have also exhausted all resources for locating any alternative residential addresses for Larry Smith. The following resources were exhausted: Aircraft ownership, Bankruptcies, Judgments & Liens, Domain Registrations, Government Employee Loans or Contracts, Merchant Vessels, National Property Ownership, Phone Directory, Pilot's License, Inmate Search, Social Security Death Index, Driver's License Search, and Professional License Search.

Further Affiant Sayeth Not.

_____
Corey Fertel



3992.mgp

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LARRY SMITH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. |
| ) | |
| VINCENT HUFF and HIRSCHBACH MOTOR ) | |
| LINES, INC., a corporation. ) | |
| ) | |
| Defendants. ) | |

### AFFIDAVIT OF MARK G. POULAKIDAS

Under penalties as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters herein stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

1. I am an attorney licensed to practice in the State of Illinois. I am lead counsel for defendants in the above-captioned action.

2. On March 3, 2020, I spoke by telephone with plaintiff's attorney Jared Duke regarding the nature and extent of plaintiff's alleged injuries and damages. Attorney Duke stated he did not yet have a complete set of claimed medical bills but advised that plaintiff has undergone significant post-accident medical treatment. At trial plaintiff will claim a significant and ongoing wage loss, according to Attorney Duke.

3. Based upon the available damages information, including the allegations in plaintiff's Complaint at Law and the corresponding Illinois S.Ct. Rule 222 Affidavit executed by one of his attorneys, I believe there is a reasonable probability that the amount in controversy in this action exceeds the sum or value of $75,000.00, exclusive of interest and costs.

Further Affiant Sayeth Not.

/s/ Mark G. Poulakidas
Mark G. Poulakidas


DEFENDANT'S EXHIBIT 6